IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HEARTLAND WORLD MINISTRIES,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Civil Action No. 3:13-CV-02337-M-BK

CENTRAL MUTUAL INSURANCE
COMPANY,

    Defendant.

## ORDER

This cause is before the Court on Defendant's *Motion for Reconsideration Regarding In Camera Inspection of Documents* (Doc. 38).  For the reasons that follow, the motion is **GRANTED IN PART**.

This case arises out of a commercial insurance claim dispute related to the damage of Plaintiff's property, which Plaintiff alleges was the result of a hail storm.  (Doc. 2 at 13-14). Contending that Defendant, its property insurer, wrongly refused to replace its roof, Plaintiff has sued Defendant for breach of contract, fraud, and numerous violations of the Texas Insurance Code, the Texas Deceptive Trade Practices Act, and the duty of good faith and fair dealing.  *Id.* at 13, 15-21.

During the course of litigation, Plaintiff filed a *Motion to Compel Defendant to Produce the Claim File and Underwriting File* (Doc. 22) which the district court referred to the undersigned for a ruling (Doc. 24).  In an order dated February 20, 2014, the Court granted Plaintiff's motion in part and ordered Defendant to submit the allegedly attorney-client privileged communications from its claim file to the Court for *in camera* review.  (Doc. 33). Defendant submitted the documents and, in an order dated March 11, 2014, the undersigned

determined that various documents were not protected by the attorney-client privilege and must be provided to Plaintiff.  (Doc. 35).  Defendant now moves for reconsideration of that order.  (Doc. 38).  Plaintiff has not responded to the motion.

The Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).  "Motions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Reneker v. Offill*, No. 08-CV-1394, 2012 WL 3599231, at *1 n.1 (N.D. Tex. 2012) (Fitzwater, C.J.) (quotation omitted).  The decision whether to grant a motion for reconsideration is within the Court's discretion.  *Colli v. S. Methodist Univ.*, No. 08-CV-1627, 2011 WL 3524403, at *1 (N.D. Tex. 2011) (Solis, J.).

Defendant contends that most of the documents the Court ordered it to produce are irrelevant to Plaintiff's claims.  (Doc. 38 at 2-3).  By way of example, Defendant notes that the Court ordered it to produce portions of its claim file that reference its attorneys' fees, which is irrelevant because Defendant is not seeking to recover its fees.  (Doc. 38 at 2).  Further examples of allegedly irrelevant documents include correspondence and fax cover sheets, which Defendant acknowledges are not privileged and contends are not related to any of Plaintiff's claims.  (Doc. 38 at 3).

Defendant, however, did not follow the Court's instruction in the February 20, 2014 order to "submit the claimed attorney-client communications to the Court for *in camera* review."  (Doc. 33 at 4).  Notably, Defendant represented in conjunction with its *in camera* submission that it had "[a]ttached to this Response . . . documents that Central contends are subject to the attorney-client privileges."  (Doc. 34).  Nevertheless, Defendant now represents that, contrary to

2

the Court's directive, "out of an abundance of caution, [it] produced its entire claim file" for Court inspection. (Doc. 38 at 1). As the Court clearly had indicated it would do, however, the undersigned was reviewing the *in camera* documents only to determine whether any of them were attorney-client privileged. The undersigned did not review the documents for relevance and will not do so upon reconsideration.[1] Nevertheless, to the extent that Defendant asserts it should not be required to produce documents that post-date the filing of this case on May 17, 2013, (Doc. 38 at 3-4), the Court will grant the requested relief in the absence of any objection from Plaintiff and for the reasons argued by Defendant. The Court does note, however, that Defendant sought no such limitation in its response to Plaintiff's *Motion to Compel* and in the future should consider being more exacting in its requests for relief. Defendant is now required only to produce the documents located at Doc. 34-1 at 117, 128-29.

For the foregoing reasons, Defendant's *Motion for Reconsideration Regarding In Camera Inspection of Documents* (Doc. 38) is **GRANTED IN PART**. Defendant shall produce to Plaintiff the documents listed above within seven days of the date of this order.

**SO ORDERED** on April 30, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant noted in its response to Plaintiff's discovery motion that it should not have to produce unspecified irrelevant "administrative documents" and argues the same in its reconsideration motion. Defendant has never clarified what it means by "administrative documents" although it complains generally about having to produce items such as post-suit correspondence and its internal notes of claim activity. (Doc. 38 at 4). Documents in an insurance claim file are often of great relevance, however, and Plaintiff was well within its rights in seeking to obtain the file. *See In re Gen. Agents Ins. Co. of Am., Inc.*, 224 S.W.3d 806, 817 (Tex. App.−Houston [14 Dist.], 2007) (upholding the trial court's decision to deny an insurance company's relevancy objection to producing its claim file in a breach of contract and bad faith action).

3